IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRYL T. GARNER, | : |
| Petitioner, | : |
| v. | : Civil Action No. 15-255-RGA |
| DAVID PIERCE, WARDEN, and STATE OF DELAWARE, | : |
| Respondents. | : |

## **MEMORANDUM**

Presently pending before the Court is Petitioner Darryl T. Garner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (D.I. 1) Petitioner, a pre-trial detainee at the James T. Vaughn Correctional Center in Smyrna, Delaware, contends that he is being held illegally because the Delaware Superior Court violated his right to due process by denying his motion for reduction of bail. (D.I. 1 at 3-4)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions through Rule 1(b)). A district court has jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pre-trial petition for habeas corpus, but only when the petitioner has exhausted state remedies and extraordinary circumstances are present. *See Moore v. DeYoung*, 515 F.2d 437, 441-43 (3d Cir. 1975); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (in special circumstances, habeas corpus is the appropriate pre-trial vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial). Similarly, if the pre-

trial detainee/petitioner "seeks to litigate the merits of a constitutional defense to a state criminal charge" and there are no extraordinary circumstances, then a district court should only exercise its pre-trial habeas jurisdiction if the "petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." *Moore*, 515 F.2d at 443.

After reviewing the Petition, the Court concludes that Petitioner's pre-trial bail claim does not warrant relief. First, it is clear from the face of the pending Petition that Petitioner is not in custody pursuant to a state court judgment, because he has not yet undergone his state criminal trial on the charges of second degree rape. Second, it appears that Petitioner has not exhausted his state remedies with respect to his bail issue,[1] and nothing in the instant Petition demonstrates extraordinary circumstances justifying the Court's interference with a pending state court proceeding without Petitioner having first exhausted state remedies. Accordingly, the Court will summarily dismiss Petitioner's § 2241 Petition without prejudice. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: October 7, 2015

UNITED STATES DISTRICT JUDGE

---

[1] From what the Court can discern, Petitioner filed one *pro se* motion in the Delaware Superior Court requesting a reduction in bail, which was denied because of a separate pending investigation. (D.I. 1 at 2) Petitioner does not mention that he appealed that decision. Therefore, it appears that Petitioner has not exhausted his remedies.

2